UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

FABIEL ZAYAS-POZO,

       Petitioner,

    v.                                                                    26-CV-1227 (JLS)

MICHAEL BALL, *in his official capacity
as Acting Deputy Field Office Director,
Buffalo Field Office, U.S. Immigration &
Customs Enforcement*; DAVID
VENTURELLA, *in his official capacity as
Senior Official Performing the Duties of
the Director, U.S. Immigration &
Customs Enforcement*; MARKWAYNE
MULLIN, *in his official capacity as
Secretary of Homeland Security*; TODD
BLANCHE, *in his official capacity as
Acting United States Attorney General*;

       Respondents.[1]

_____

## DECISION AND ORDER

Petitioner Fabiel Zayas-Pozo, a citizen and national of Cuba, commenced this

habeas corpus proceeding under 28 U.S.C. § 2241, challenging his continued

detention in the custody of the Department of Homeland Security ("DHS"). *See* Dkt.

1. For the reasons below, Petitioner's petition is dismissed.

---

[1] The caption has been updated pursuant to Federal Rule of Civil Procedure 25(d).

## BACKGROUND

On February 27, 2021, Petitioner unlawfully entered the United States from Mexico. Dkt. 1 at 1 ¶ 2; Dkt. 4-2 at 2. On March 1, 2021, he applied for admission into the United States. Dkt. 1 at 2 ¶ 3. U.S. Customs and Border Protection released him that same day. *Id.* On February 10, 2022, Petitioner applied for asylum. *Id.* at 2 ¶ 6. On June 22, 2024, Petitioner was arrested for criminal conduct and sentenced to two years' probation. *Id.* at 2 ¶7; Dkt. 4-1 at 2 ¶ 8. On September 19, 2024, an immigration judge denied Petitioner's asylum application and ordered Petitioner's removal. Dkt. 1 at 2 ¶ 6; Dkt. 4-2 at 2. Petitioner appealed this decision to the Board of Immigration Appeals. Dkt. 1 at 2 ¶ 6; Dkt. 4-2 at 2. On October 2, 2025, Petitioner was detained by Immigration and Customs Enforcement ("ICE") during a scheduled check-in appointment. Dkt. 1 at 3 ¶ 9; Dkt. 4-1 at 2 ¶ 12. On February 11, 2026, Petitioner voluntarily withdrew the appeal to his removal order that had been pending with the Board of Immigration Appeals. Dkt. 1 at 4 ¶ 1; Dkt. 4-1 at 3 ¶ 13. As a consequence, the Board of Immigration Appeals issued a decision returning the case to "the Immigration Court without further action." Dkt. 4-3 at 1–2. Petitioner remains detained in ICE custody pending his removal from the United States. Dkt. 1 at 4 ¶ 15.

Petitioner commenced this proceeding on June 15, 2026. Dkt. 1. Respondents moved to dismiss the petition on July 16, 2026. Dkt. 4. Petitioner replied. Dkt. 6. Because Petitioner's detention is lawful under 8 U.S.C. § 1231, the petition must be dismissed.

2

## DISCUSSION

### I. Jurisdiction

Habeas corpus review is available to persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). In the immigration context, only circuit courts have jurisdiction over challenges to the legality of final orders of deportation, exclusion, and removal. *See Gittens v. Menifee*, 428 F.3d 382, 384 (2d Cir. 2005) ("[The REAL ID Act, 119 Stat. 231, § 106(a) (May 11, 2005)] eliminates habeas jurisdiction over final orders of deportation, exclusion, and removal, providing instead for petitions of review . . . , which circuit courts alone can consider."). District courts, however, can review claims by aliens challenging the constitutionality of their pre-removal detention. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003). Petitioner asks the Court to review the length of his detention—a request that falls within this Court's limited jurisdiction over immigration matters.

### II. Petitioner's Detention is Lawful under 8 U.S.C. § 1231

The Court concludes that 8 U.S.C. § 1231 governs Petitioner's detention because: (1) he is subject to a final order of removal, and (2) has not obtained a stay of removal from the Second Circuit.

Section 1231 governs the detention of aliens during and after the removal period—in other words, those subject to final orders of removal. This period is derived from the statute, which allows DHS ninety days to effectuate removal from

the United States following the entry of a final order of deportation or removal. *Id.*
§ 1231(a)(1)(A).  The removal period begins at the latest of the following events:

> (i)    The date the order of removal becomes administratively final;
>
> (ii)   If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order;
>
> (iii)  If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

*Id.* § 1231(a)(1)(B).

During the ninety-day removal period, detention is mandatory.  *Id.*
§ 1231(a)(2).  After this removal period is over, detention is discretionary; an alien may be detained beyond the removal period if, among other things, he or she is removable under certain provisions of 8 U.S.C. § 1227. *See id.* § 1231(a)(6).

Six months of detention is "presumptively reasonable" pursuant to the Supreme Court's decision in *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001).  After six months, an alien may seek release by demonstrating "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*  If he or she is able to do so, "the Government must respond with evidence sufficient to rebut that showing." *Id.*  The six-month presumption "does not mean that every alien not removed must be released after six months." *Id.*  An alien "may be held in confinement until it has been determined that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*

When Petitioner withdrew his appeal that was pending before the Board of Immigration Appeals on February 11, 2026, his order of removal became

4

administratively final—his appeal was withdrawn, and he did not seek a court order to stay his removal. *See* 8 U.S.C. § 1231(a)(1)(B)(i); 8 C.F.R. § 1241.1(b). The ninety-day removal period under the statute expired on May 12, 2026. Dkt. 4-3 at 4. The six-month "presumptively reasonable" period under *Zadvydas* expires on August 11, 2026. *Id.* Petitioner has been detained—under Section 1231—for less than six months. Thus, Petitioner's petition is premature.

## CONCLUSION

For these reasons, Petitioner's petition (Dkt. 1) is DISMISSED without prejudice. The Clerk of Court shall enter judgment and close this case.

SO ORDERED.

Dated:      August 4, 2026
            Buffalo, New York

JOHN L. SINATRA, JR.
UNITED STATES DISTRICT JUDGE

5